IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MANSUR GAVRIEL LLC,

        Plaintiff,

    v.

PELLETTERIA PIERRE S.N.C. DI
SCARSELLI ROBERTO & C., BRUNA
ROSSO S.N.C., HOBB'S GROUP S.R.L.,
d/b/a H-BRANDS, and JOHN DOES 1-10,

        Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mansur Gavriel LLC ("Plaintiff" or "Mansur Gavriel"), by and through its undersigned counsel, for its Complaint against Pelletteria Pierre S.N.C. Di Scarselli Roberto & C., Bruna Rosso S.N.C., Hobb's Group S.r.l., d/b/a H-Brands, and John Does 1-10 (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1.      This is an action for trade dress infringement, unfair competition, deceptive trade practices and trade dress dilution arising out of Defendants' marketing, sale and offer to sell knock-offs of several Mansur Gavriel bags under the brand name "Schöneberg" (collectively, the "Schöneberg Infringing Bags"), which include knock-offs of Plaintiff's most well-known and popular handbag, its distinctive bucket bag (the "MG Bucket Bag").

PLAINTIFF MANSUR GAVRIEL

2.      Mansur Gavriel LLC is a limited liability company organized and existing under the laws of the State of New York, having a place of business at 401 Broadway, #1001, New York, New York 10013.

3.      Mansur Gavriel was founded in 2012 by Rachel Mansur and Floriana Gavriel in New York.  The company sells handbags, tote bags, purses, wallets and shoes, in what is often referred to as the "affordable luxury" category of fashion accessories.

4.      Plaintiff's most popular and iconic product is the MG Bucket Bag, shown below.  It is offered in several contrasting colorways and three sizes.



5.      The unique and distinctive trade dress of the MG Bucket Bag (the "MG Bucket Bag Trade Dress") includes the combination of the following features: (1) a bag constructed from two pieces of leather that are cut, folded, and sewn to create a design that is clean and crisp, structured and sleek, rigid and minimalist in design, (2) contrasting interior and exterior colors, (3) minimal stitching and hardware, (4) a brand logo in small metallic font centered at the front bottom of the bag, (5) a drawstring closure cinched

through openings with no hardware or very subtle hardware, and (6) a long adjustable strap with flat construction and subtle metal detailing.  The MG Bucket Bag is offered in several color combinations.  Additional photos of the MG Bucket Bag are attached as Exhibit A.

6.     The unique and distinctive trade dress of Mansur Gavriel extends to the other associated handbags and related goods offered by the company, including but not limited to the Lady Bag, Tote, Wallet, and Backpack, which also include a combination of the following features similar to the MG Bucket Bag Trade Dress: (1) bags constructed from high quality leather cut, folded, and sewn to create designs that are clean and crisp, structured and sleek, rigid and minimalist in design, (2) minimal stitching and hardware, (3) a brand logo in small metallic font centered at the front bottom of each bag, (5) a drawstring closure, on the Lady Bag and Backpack for example, cinched through openings with no hardware or very subtle hardware, and (6) long adjustable straps with flat construction and subtle metal detailing.  Photos of other Mansur Gavriel products relevant to this action are attached as Exhibit B.

7.     After Mansur Gavriel's bags achieved prominence and acquired distinctive trade dress, including the MG Bucket Bag, Defendants adopted and began selling the nearly identical Schöneberg Infringing Bags – which includes, among others, a nearly identical product to the MG Bucket Bag that appropriates the MG Bucket Bag Trade Dress for the purpose of selling a competing knock-off bucket bag, as can be seen by a side-by-side comparison of the two bags:



| The MG Bucket Bag | Schöneberg – Infringing Bucket Bag |
|---|---|
| Additional View  - Interior | Additional View - Interior<br><br>Infringing Bucket Bag |

8.      Since selling a competing knock-off bucket bag, Defendants have displayed a systematic and calculated pattern of appropriating the trade dress of all Mansur Gavriel products by manufacturing and/or selling the Schöneberg Infringing Bags, which are nearly identical to Plaintiff's line of associated handbags and related goods, as evidenced by a side-by-side comparison of following additional bags:

| Mansur Gavriel Tote | Schöneberg – Infringing Tote |
|---|---|
|  |  |
| Mansur Gavriel Wallet | Schöneberg – Infringing Wallet |
|  |  |
| Mansur Gavriel Backpack | Schöneberg – Infringing Backpack |
|  |  |

| The MG Lady Bag | Schöneberg – Infringing Lady Bag |
|---|---|



9.      To protect its extensive monetary investment and the resultant goodwill Plaintiff has established in its bags, including the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, Plaintiff brings this action for trade dress infringement and unfair competition under Sections 32(1) and 43(a) of the Lanham Act and related claims under New York State Law.  Plaintiff seeks an injunction, an accounting of Defendants' profits from the sales of the Schöneberg Infringing Bags, damages, attorneys' fees, and such other relief as the Court deems just and proper.

<u>THE DEFENDANTS</u>

10.      Upon information and belief, defendant Pelletteria Pierre S.N.C. Di Scarselli Roberto & C. ("Pelletteria" or "Defendant Pelletaria") is a general partnership organized and existing under the laws of Italy, with a last known principal place of business at Via XXV Aprile 34, Lastra A Signa (Firenze) 50055, Italy.

11.     Upon information and belief, defendant Bruna Rosso S.N.C. ("Bruna Rosso" or "Defendant Bruna Rosso") is a general partnership organized and existing under the laws of Italy, with a last known principal place of business at Corso Nizza 36, 12100 Cuneo, Italy.

12.     Upon information and belief, defendant Hobb's Group S.r.l., d/b/a H-Brands ("H-Brands" or "Defendant H-Brands") is a limited liability company organized and existing under the laws of Italy, with a last known principal place of business at Via Roma 4, 35010 Villa del Conte, Italy.

13.     Upon information and belief, defendant John Does 1-10 are individuals or entities residing in or otherwise continuously and systematically conducting and transacting business in this Judicial District and are engaged in the manufacturing, importation, distribution, offering for sale and/or sale of the Schöneberg Infringing Bags identified herein and/or who have participated in, controlled, or directed the unlawful activities complained of herein, and/or who have profited from such activities and continue to do so and in doing so are infringing on the exclusive rights of Plaintiff in and to its trade dress.  Upon learning of their specific identities, Plaintiff shall move to substitute such parties for the John Does.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the United States Judicial Code, 28 U.S.C. §§1331 and 1338(a)-(b).

15.     The Court has supplemental jurisdiction over Plaintiff's state law claims under Section 1367(a) of the United States Judicial Code, 28 U.S.C. § 1367(a).

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in New York and causes harm to Plaintiff's business within this Judicial District.  Through at least the fully interactive commercial Internet websites under the domain names www.brunarosso.com and www.h-brands.com, Defendants have targeted sales from New York residents by operating online stores that offer shipping to the United States, including New York, accept payment in U.S. dollars and, on information and belief, have sold knock-off bags to residents of New York and this District.  Each of the Defendants is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Mansur Gavriel substantial injury in the State of New York and this Judicial District.

<u>MANSUR GAVRIEL'S PRODUCTS</u>

17.     In 2013, Plaintiff introduced the MG Bucket Bag to great acclaim. Plaintiff's handbags are sold through its website www.mansurgavriel.com and through approximately 70 carefully curated retail outlets throughout the United States, Canada, Europe, Asia, the Middle East, Australia and New Zealand.  U.S. retail outlets include the brick and mortar stores and ecommerce platforms of Barneys New York and Bergdorf Goodman.  A full list of authorized retailers is attached as Exhibit C.  Due to the overwhelming popularity of the MG Bucket Bag and the company's other styles, retailers often sell out quickly.  Plaintiff releases new inventory several times a year, and the MG Bucket Bag (along with the majority of the rest of the company's line) often sells out at several retail outlets within hours of its release.

18.     Plaintiff has extensively and continuously used the MG Bucket Bag Trade Dress since the launch of the MG Bucket Bag in 2013. The bag is Mansur Gavriel's best-selling product.

19.     Since 2013, Plaintiff has advertised and promoted its MG Bucket Bag and its other products in the United States and elsewhere through a variety of media.  Through these efforts, Mansur Gavriel has acquired substantial public recognition and goodwill for its MG Bucket Bag and the trade dress of Plaintiff's associated handbags and related goods.

20.     Plaintiff's distinctive MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods has received substantial unsolicited media attention and commentary from industry players in New York, nationally and internationally which demonstrates that the MG Bucket Bag Trade Dress has been a critical component of its success.  Stories about the Plaintiff's products have appeared in numerous fashion, leisure, women's and general interest publications and websites, including but not limited to *Lucky*, *The Telegraph*, *Style.com* and *SheFinds.com*.  A sample of the MG Bucket Bag's media attention is attached as Exhibit D.

21.     Several celebrities have been photographed carrying Mansur Gavriel products, including actresses Emma Watson, Kirsten Dunst, Sienna Miller, and models Alessandra Ambrosio and Miranda Kerr.

22.     Due in part to the distinctive nature of the MG Bucket Bag, the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, Plaintiff was recently awarded the Swarovski Award for Accessory Design at the 2015 Council of Fashion Designers of America (CFDA) Awards, widely considered the "Oscars of Fashion."

23.     The combination of elements that make up the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods are inherently distinctive, non-functional and have acquired secondary meaning as a result of which the public and the trade have come to identify Mansur Gavriel as the source and origin of luxury handbags bearing such trade dress, and to distinguish them from similar products of others.

24.     As a result of Plaintiff's substantial effort and investment and the success of the MG Bucket Bag Trade Dress, and the trade dress of Plaintiff's associated handbags and related goods have become instantly recognizable to the public as symbols exclusively denoting Plaintiff and signaling the high quality of its products.

25.     The combination of elements that make up the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods are not functional for the purposes of 43(a)(3) of the Lanham Act, 15 U.S.C. § 1125(a)(3), as it is not essential to the use or purpose of a handbag and/or associated goods, does not affect the cost and quality of the product and when used exclusively by Plaintiff does not put Plaintiff's competitors at a significant non-reputational disadvantage.

26.     Defendants' sale of bucket bags that do not include any of the elements of the MG Bucket Bag Trade Dress, much less all of them, is further evidence that the MG Bucket Bag Trade Dress is not functional.

27.     Defendants' sale of other handbags and related goods that do not include elements of Plaintiff's handbags and related goods is further evidence that the trade dress of Plaintiff's other handbags and related goods also is not functional.

28.     Before Defendants' first offer for sale of the Schöneberg Infringing Bags, including their knock-off bucket bag, the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods became uniquely identified with Plaintiff, had come to identify the goods of Plaintiff exclusively, and had become well-known and distinctive.

Based on Plaintiff's extensive use, promotion, and advertising of its handbags and related goods, Plaintiff owns common law rights in the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods.

## DEFENDANTS' UNLAWFUL USE OF MANSUR GAVRIEL'S
## MG BUCKET BAG TRADE DRESS

29.     Upon information and belief, Defendants are involved in the manufacture, distribution, and/or sale of knock-off handbags and other accessories which are sold through www.brunnarosso.com and www.h-brands.com, which are believed to be owned and operated by Defendant Brunna Rosso and Defendant H-Brands, respectively.

30.     After Plaintiff obtained rights in its MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, Defendants began marketing and selling the Schöneberg Infringing Bags, including but not limited to a knock-off handbag that is confusingly similar to the MG Bucket Bag, in an attempt to trade off the renown of the MG Bucket Bag and to confuse consumers.

31.     The Schöneberg Infringing Bags are nearly identical to and are colorable imitations of Plaintiff's unique, distinctive MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, as can easily be seen in a side-by-side comparison of the bags, as shown in Paragraphs 7 through 8.  The Schöneberg Infringing

Bags come in multiple contrasting color combinations. Additional images of the Schöneberg Infringing Bags in other colorways are attached as Exhibit E.

32.     On November 10, 2015, Plaintiff sent a letter to Defendant H-Brands notifying them of the MG Bucket Bag Trade Dress and requesting that H-Brands cease and desist its infringing activities, attached as Exhibit F. No response was received.

33.     On November 13, 2015, Plaintiff sent a letter to Defendant Bruna Rosso notifying them of the MG Bucket Bag Trade Dress and requesting that Bruna Rosso cease and desist its infringing activities, attached as Exhibit G. No response was received.

34.     On November 23, 2015, Plaintiff sent a letter to Defendant Pelletteria notifying them of the MG Bucket Bag Trade Dress and requesting that Pelletteria cease and desist its infringing activities, attached as Exhibit H. No response was received.

35.     On December 21, 2015, Plaintiff sent a follow-up letter to H-Brands, attached as Exhibit I. No response was received.

36.     On January 8, 2016, Plaintiff sent a follow-up letter to Brunna Rosso, attached as Exhibit J. No response was received.

37.     Upon information and belief, Defendants are intentionally targeting and are seeking to sell the Schöneberg Infringing Bags to Plaintiff's customers and potential customers and consumers who are familiar with Plaintiff's well-known MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods.

38.     Defendants have never been associated with, affiliated with or licensed by Plaintiff in any way, and the Schöneberg Infringing Bags are not affiliated with, sponsored by, or endorsed by Plaintiff.

39.     Upon information and belief, Defendants' intent in selling the Schöneberg Infringing Bags is to benefit from the recognition and goodwill of Plaintiff's famous MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods.  Upon information and belief, Defendants' conduct is calculated to confuse and mislead consumers, create a false impression as to the source and sponsorship of the Schöneberg Infringing Bags, to divert business from Plaintiff, to pass off the Schöneberg Infringing Bags as being authorized and endorsed by Plaintiff, or to otherwise falsely misrepresent the nature and quality of Defendants' products and misappropriate the goodwill associated with the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods.

40.     Upon information and belief, Defendants sell the Schöneberg Infringing Bags with full knowledge of Plaintiff's prior exclusive rights, with knowledge of the reputation and goodwill of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, and with the knowledge that these identifiers are associated exclusively with Plaintiff and Plaintiff's goods.

41.     The goodwill that Plaintiff has built up in the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods are put at risk by Defendants' appropriation and use of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods in connection with Defendants' businesses and services.  Defendants' continued sales and offers for sale of the Schöneberg Infringing Bags is likely to continue to cause confusion in the marketplace, because purchasers and potential purchasers will assume that the goods sold by Defendants emanate from or are authorized by, licensed by, endorsed by, associated with, or otherwise

connected with Plaintiff and/or Plaintiff's goods.  In addition, by virtue of Defendants' wholesale appropriation of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, potential purchasers will assume, incorrectly, that the Schöneberg Infringing Bags emanate from Plaintiff.

42.     The design of the Schöneberg Infringing Bags so closely resembles Plaintiff's MG Bucket Bag Trade Dress and/or the trade dress of Plaintiff's associated handbags and related goods that they unfairly and unlawfully wrest from Plaintiff control over its reputation.

43.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless restrained by this Court.

44.     Plaintiff has no adequate remedy at law.

## COUNT I

### FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

45.     Plaintiff incorporates by reference each of the allegations in paragraphs 1-44 above and further alleges as follows:

46.     The MG Bucket Bag Trade Dress is used in commerce, is not functional, is inherently distinctive and has acquired secondary meaning in the marketplace.

47.     In addition to the MG Bucket Bag Trade Dress, the trade dress of the entire Mansur Gavriel line of handbags and related goods are used in commerce, is not functional, is inherently distinctive and has acquired secondary meaning in the marketplace.

48.     The Schöneberg Infringing Bags, which are now being sold and offered for sale in commerce, directly by Defendants and through intermediaries, features designs that

are confusingly similar to the MG Bucket Bag Trade Dress and/or the trade dress of Plaintiff's associated handbags and related goods, and are being marketed through a scheme designed to confuse consumers.

49.    Defendants' activities in copying and utilizing the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, in connection with the manufacture, distribution, sale and promotion of the Schöneberg Infringing Bags, is likely to cause confusion and mistake and to deceive consumers as to the source, origin or sponsorship of the parties' products.  The Schöneberg Infringing Bags copy various elements of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods such that the overall appearance of the Schöneberg Infringing Bags is such that it is likely to be confused with the genuine Mansur Gavriel products, including the MG Bucket Bag Trade Dress.

50.    Defendants chose to design the Schöneberg Infringing Bags with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the well-known and distinctive MG Bucket Bag Trade Dress and/or the trade dress of Plaintiff's associated handbags and related goods.   Upon information and belief, Defendants sell and offer for sale the Schöneberg Infringing Bags in commerce with the intent to cause confusion, to cause mistake, or to deceive.

51.    Defendants have purposefully, willfully and maliciously copied the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated products, by manufacturing, selling and/or offering for sale (directly or through intermediaries) the Schöneberg Infringing Bags.

52.     Defendants' actions constitute willful trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff.

54.     Upon information and belief, the Defendants acted willfully and with the intention of manufacturing, selling and offering for sale the Schöneberg Infringing Bags in violation of Plaintiff's rights in its distinctive trade dress.

55.     By reason of the foregoing acts, Plaintiff is suffering and will continue to suffer irreparable damage, and unless the Defendants are enjoined from continuing these wrongful acts, the damage to Plaintiff will increase.  Plaintiff has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

56.     Plaintiff incorporates by reference each of the allegations in paragraphs 1-55 above and further alleges as follows:

57.     Defendants' sales and offers for sale of the Schöneberg Infringing Bags and their conduct complained of herein constitute a false designation of origin and a false representation as to the origin of Defendants' goods, is likely to cause confusion, mistake, or deception as to the source of Defendants' goods, and is likely to create the false impression that Defendants' goods are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.

58.     Upon information and belief, Defendants chose to appropriate the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated products for the

Schöneberg Infringing Bags with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods.  Upon information and belief, Defendants sell and offer for sale the Schöneberg Infringing Bags with the intent to cause confusion, to cause mistake, or to deceive.

59.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

## COUNT III

## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

60.     Plaintiff incorporates by reference each of the allegations in paragraphs 1-59 above and further alleges as follows:

61.     The acts of the Defendants complained of herein constitute willful trade dress infringement and unfair competition in violation of the common law of the State of New York.

62.     Upon information and belief, Defendants intentionally and willfully infringed and misappropriated the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, took advantage and made use of Plaintiff's efforts and good will, and otherwise unfairly competed with Plaintiff with the intent of causing confusion, mistake and deception as to the source of the Schöneberg Infringing Bags and with the intent to pass off the Schöneberg Infringing Bags as Plaintiff's MG Bucket Bag and/or Plaintiff's associated handbags and related goods.  As such, Defendants have committed unfair competition in violation of the common law of the State of New York.

63.     Upon information and belief, Defendants chose to appropriate the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods for the Schöneberg Infringing Bags with constructive and/or actual knowledge of Plaintiff's prior use of and rights in the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods.  By adopting and using a colorable imitation of the valuable and distinctive MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, Defendants have been unjustly enriched and Plaintiff has been damaged.

64.     The acts of the Defendants complained of herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, and unless the Defendants are enjoined from continuing these wrongful acts, the damage to Plaintiff will increase. Plaintiff has no adequate remedy at law.

**COUNT IV**

**TRADE DRESS DILUTION UNDER  NEW YORK STATE LAW**
**(N.Y. General Business Law 360-1)**

65.     Plaintiff incorporates by reference each of the allegations in paragraphs 1-64 above and further alleges as follows:

66.     The MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods are used in commerce by Plaintiff, are non-functional, and are inherently distinctive.  The trade dress of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods acquired their distinctiveness in connection with handbags before Defendants' first offer for sale and sale of the Schöneberg Infringing Bags.

67.     Defendants' manufacture, distribution, sale and promotion of the Schöneberg Infringing Bags, which features a design confusingly similar to that of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, is diluting and is likely to continue diluting Plaintiff's MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods by blurring the distinctiveness thereof, and is likely to injure Plaintiff's business reputation, in that the reputation of Plaintiff has been removed from its power and control and that deficiencies in or complaints about Defendants' services will redound to the harm of Plaintiff, all in violation of Section 360-1 of the General Business Law of the State of New York.

68.     Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## COUNT V

### VIOLATION OF THE NEW YORK
### DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### (N.Y. General Business Law § 349)

69.     Plaintiff incorporates by reference each of the allegations in paragraphs 1-68 above and further alleges as follows:

70.     Defendants' marketing, sale and offers for sale of the Schöneberg Infringing Bags has the capacity to deceive and is deceiving the public as to the source of sponsorship of Defendants' goods and services.  As a result, the public will be damaged.

71.     Defendants' conduct is willful and in knowing disregard of Plaintiff's rights.

72.     Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.

73.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to enter judgment in its favor against the Defendants, granting the following relief:

A.     An adjudication that Defendants have infringed the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) and at common law; have competed unfairly with Plaintiff under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), and at common law;

B.     The grant of an injunction preliminarily and permanently restraining and enjoining the Defendants, their officers, agents, directors, shareholders, principals, licensees, distributors, employees, servants, attorneys, affiliates, subsidiaries and assigns and all those persons or entities in active concert or participation with them from offering products for sale that infringe upon the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, including:

(a)     Manufacturing, distributing, shipping, advertising, marketing promoting, selling, or offering for sale any products which appropriate the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, or

any colorable imitation that is confusingly similar thereto, including the entire line of the Schöneberg Infringing Bags, and engaging in any other conduct constituting infringement of any of Plaintiff's rights in the MG Bucket Trade Dress, the trade dress of Plaintiff's associated handbags and related goods or any other trade dress owned by Plaintiff;

(b)     Conducting any activities in the United States that relate to, refer to or concern the advertising, promotion, manufacture, production, importation, distribution, displaying, sale or offering for sale of handbags or any related goods that are is a simulation, reproduction, copy, colorable imitation or confusingly similar variation of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods, including by not limited to the Schöneberg Infringing Bags;

(c)     Using any false designation of origin or false description (including, without limitation, any letters or symbols), or performing any act, which can, or is likely to, lead members of the trade or public to believe that any goods manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants, or any services advertised, promoted, sold or offered for sale by Defendants, are in any manner associated or connected with Plaintiff, or are authorized, licensed, sponsored or otherwise approved by Plaintiff;

(d)     Engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of product design elements and designations associated with Plaintiff;

(e)     Applying to register or registering with the United States Patent & Trademark Office or in any state trademark registry the Schöneberg Infringing Bags or any other trade dress consisting in whole or in part of any simulation, reproduction, copy or

colorable imitation of the MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods;

    (f)  Diluting or tarnishing Plaintiff's MG Bucket Bag Trade Dress and the trade dress of Plaintiff's associated handbags and related goods; and

    (g)  Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the subparagraphs (a)-(f) above;

    C.  Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any product manufactured, imported, advertised, promoted, distributed, displayed, produced, sold or offered for sale, or any service, advertised, promoted, sold or offered for sale by Defendants is in any manner authorized by Plaintiff or related in any way to Plaintiff;

    D.  An award to Plaintiff of all damages suffered by Plaintiff, and all of Defendants' profits gained by reason of the infringing acts and other acts complained of herein;

    E.  An award of enhanced damages, up to and including trebling of Plaintiff's damages and an award of punitive damages;

    F.  An award of Plaintiff's costs of suit and reasonable attorneys' fees due to the exceptional nature of this case, or as otherwise permitted by law; and

    G.  Any further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

DATED: March 9, 2016                     Respectfully submitted,


                                         KELLEY DRYE & WARREN LLP


                                         By:    s/Michael J. Zinna
                                               Michael J. Zinna
                                               mzinna@kelleydrye.com
                                               Vincent P. Rao II
                                               vrao@kelleydrye.com
                                               101 Park Avenue
                                               New York, New York 10178
                                               (212) 797-7800
                                               *Attorneys for Plaintiff*
                                               *Mansur Gavriel LLC*